**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------X
ERNESTO ESAU SEGOVIA,                                       Civil Action No.:

              Plaintiff,

    -against-

CATUSCO'S PIZZA, INC., and JAMES
CATUSCO,

              Defendants.
------------------------------------------------------X

## COMPLAINT

Plaintiff, ERNESTO ESAU SEGOVIA ("Plaintiff"), as and for his Complaint against Defendants, CATUSCO'S PIZZA, INC. ("Catusco's Pizza") and JAMES CATUSCO ("Catusco") (collectively, "Defendants"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1.    Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and the New York Codes, Rules, and Regulations, Part 142 ("Regulations"), to recover unpaid overtime compensation and for other relief.

2.    Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.    The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

4.    Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.     Plaintiff is a resident of the State of New York.

6.     Defendants own and operate a pizzeria located at 336 Depot Road, Huntington Station, New York.

7.     Defendant Catusco's Pizza is a New York domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     At all relevant times, Catusco's Pizza maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

9.     Catusco's Pizza was and continues to be owned, operated, and controlled by Defendant Catusco.

10.     Catusco is a resident of the State of New York.

11.     At all relevant times, Catusco exercised operational control over Catusco's Pizza, controlled significant business functions of Catusco's Pizza, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Catusco's Pizza in devising, directing, implementing, and supervising the wage and hour practices and policies relating to its employees, including Plaintiff.

12.     At all relevant times, Catusco participated in running the daily operations of Catusco's Pizza.

13.     At all relevant times, Catusco participated in the management and supervision of Plaintiff and his work for Defendants.

14.     At all relevant times, Catusco maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

15.     Upon information and belief, at all times relevant, Defendants jointly employed Plaintiff as a food preparer and dishwasher.

16.     Defendants had substantial control over Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

17.     Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

**FACTS**

18.     Plaintiff was employed by Defendants from on or about December 12, 2021 to on or about November 16, 2022.

19.     During this time, Plaintiff was employed as a food preparer and dishwasher for the benefit of and at the direction of Defendants at their pizzeria.

20.     During his employment, Plaintiff worked 6 days a week, with Monday being his day off.

21.     During this time, Plaintiff worked (i) 10:00 a.m. to 9:30 p.m. on Tuesday, Wednesday and Thursday, (ii) 10:00 a.m. to 10:00 p.m. on Friday and Saturday, and (iii) 10:00 a.m. to 8:30 p.m. on Sunday.

22.     During this time, Plaintiff was not given any meals breaks in excess of 15 minutes.

23.     During this time, Plaintiff worked 69 hours each week.

24.     During this time, Defendants paid Plaintiff $18.00 an hour for 34 hours of work each week.

25.     During this time, Defendants did not pay Plaintiff any compensation at all for any hours that he worked past 34 hours a week.

3

26.     During this time, Defendants did not pay Plaintiff any compensation at all for 35 hours of work each week.

27.     During this time, Defendants did not pay Plaintiff overtime compensation for any hours that he worked in excess of forty (40) each week.

28.     During this time, Defendants did not pay Plaintiff at least one and one-half times his regular rate of pay for any hours worked in excess of forty (40) per week.

29.     During this time, Defendants did not pay Plaintiff regular wages for 35 hours of work each week.

30.     During this time, Defendants failed to provide Plaintiff with complete and accurate earnings statements along with his weekly earnings, as required by NYLL § 195(3).

31.     During this time, Defendants failed to provide Plaintiff with wage notices as required by NYLL section 195(1).

32.     During this time, Defendants failed to provide Plaintiff with spread of hours pay.

33.     Catusco hired Plaintiff.

34.     Catusco determined the job duties that Plaintiff performed.

35.     Catusco supervised Plaintiff's duties.

36.     Catusco set Plaintiff's work schedule.

37.     Catusco determined the hours that Plaintiff worked.

38.     Catusco determined the manner in which Plaintiff was paid.

39.     Catusco determined Plaintiff's rate(s) of pay.

40.     Catusco participated in running the day-to-day operations of Catusco's Pizza during Plaintiff's employment.

41.     Defendants managed Plaintiff's employment, including the amount of overtime worked.

42.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

43.     Defendants were aware of Plaintiff's work hours but failed to pay him the full amount of overtime compensation to which he was entitled under the law.

44.     Defendants' failure to pay proper wages in a timely manner was made without good faith, willfully, and with a reckless disregard for Plaintiff's rights and Plaintiff has been damaged by such failures.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ*.**
**FAILURE TO COMPENSATE FOR OVERTIME**

45.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

46.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

47.     Defendants were and are subject to the overtime pay requirements of the FLSA because the Corporate Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

48.     At all times relevant to this Complaint, the Corporate Defendant had, and continues to have, two or more employees handle goods or materials that have moved in interstate commerce,

5

including Plaintiff who handled goods, supplies, and equipment that originated outside of the State of New York.

49.     Upon information and belief, the gross annual volume of sales made or business done by the Corporate Defendant for the year 2022 was not less than $500,000.00.

50.     At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

51.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

52.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

53.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

54.     However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

55.     Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

56.     Defendants did not act in good faith with respect to the conduct alleged herein.

57.     As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

58.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

59.     At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

60.     Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

61.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

62.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

63.     Plaintiff was not exempt from the overtime provisions of the New York Labor Law, because he did not meet the requirements for any of the exemptions available thereunder.

64.     Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

65.     Defendants did not act in good faith with respect to the conduct alleged herein.

66.     As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

7

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## <u>FAILURE TO PROVIDE WAGE STATEMENTS</u>

67.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

68.     Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

69.     Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

70.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## <u>FAILURE TO COMPENSATE FOR REGULAR WAGES</u>

71. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

72. During Plaintiff's employment, Defendants suffered and permitted Plaintiff to work up to 35 hours each week without paying him the wages to which he was and is entitled.

73. Defendants' failure to pay Plaintiff the wages that he earned each week

constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

74. Defendants have acted willfully and either knew that their conduct violated the NYLL or have shown reckless disregard for the matter of whether their conduct violated the NYLL.

75. Defendants have not acted in good faith with respect to the conduct alleged herein.

76. As a result of Defendants' violations of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, CPLR interest, attorneys' fees, and costs of litigation.

## COUNT V
## VIOLATION OF NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

77. Defendants willfully failed to furnish Plaintiff with wage notices during the entirety of his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rate of pay and overtime rate of pay.

78. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

79. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover

statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT VI**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY SPREAD OF HOURS**

80. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

81.     As set forth herein, Plaintiff's shifts were regularly spread beyond ten (10) hours per day during his period of employment with Defendants.

82.     Defendants never paid spread of hours pay to Plaintiff as required under Part 142, section 142-2.4 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

83.     Such failure constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

84.     As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, The NHG Law Group, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

10

A.   Declare and find that Defendants committed one or more of the following

acts:

   1.   Willfully violated provisions of the FLSA by failing to pay
overtime compensation to Plaintiff;

   2.   Willfully violated the provisions of the NYLL by failing to
pay overtime compensation, regular wages, and spread of
hours pay to Plaintiff;

   3.   Willfully violated the provisions of the NYLL by failing to
provide Plaintiff with wage statements and wage notices;

B.   Award compensatory damages, including all overtime compensation owed

in an amount according to proof;

C.   Award liquidated damages under the NYLL, or alternatively the FLSA;

D.   Award statutory damages under the NYLL;

E.   Award interest on all NYLL overtime compensation due accruing from the

date such amounts were due;

F.   Award all costs and attorneys' fees incurred in prosecuting this action; and

G.   Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
December 1, 2022

Justin M. Reilly, Esq.
The NHG Law Group, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
justin@nhglaw.com

11

## <u>FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM</u>

Doy mi consentimiento para ser parte demandante en una demanda contra **Catusco's Pizza y James Catusco** y/o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b).

I, consent to be a party plaintiff in a lawsuit against **Catusco's Pizza y James Catusco** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

**Fecha:**        November 18, 2022

**Firma:**

Ernesto Esau Segovia